IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS LYNN DEYOUNG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:15-cr-00104-DN<br><br>District Judge David Nuffer |

Defendant Curtis Lynn DeYoung filed a pro se request for compassionate release modifying his sentence to time served or ordering him to home confinement.[1] Because Mr. DeYoung's Motion fails to demonstrate that he attempted to exhaust or exhausted his administrative remedies, jurisdiction over his Motion is lacking. Therefore, Mr. DeYoung's Motion[2] is DENIED without prejudice.

## DISCUSSION

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[3] However, before filing such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] Emergency Request for a Compassionate Release, Modification of Sentence in Time Served or Order for Home Confinement ("Motion"), docket no. 111, filed May 5, 2020.

[2] *Id*.

[3] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

defendant's facility, whichever is earlier."[4] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[5] But if these jurisdictional requirements are not satisfied, the merits of a defendant's motion cannot be reached.

      Mr. DeYoung's Motion contains no assertions or evidence demonstrating that he attempted to exhaust or exhausted his administrative remedies prior to filing his Motion. Mr. DeYoung cites to a case from the Southern District of Texas for the proposition that a compassionate release motion may be granted without the defendant first attempting to exhaust or exhausting administrative remedies.[6] That case is not persuasive. Beyond being outside the Tenth Circuit and the District of Utah, the court's order granting the compassionate release motion contains no jurisdictional analysis.[7] The nature of the emergency alleged in that case is also distinguishable based on the defendant's age (over 65 years); medical conditions (high blood pressure and high cholesterol); and the circumstances of the COVID-19 outbreak at the Federal Correction Complex in Oakdale, Louisiana (where guards, staff, and inmates have reportedly tested positive for COVID-19 infection, and inmates have died from complications arising from the virus).[8]

      Mr. DeYoung must demonstrate that he has satisfied the statutory prerequisites to filing a motion for compassionate release before the merits of his requested relief may be considered.

---

[4] 18 U.S.C. § 3582(c)(1)(A).

[5] *Williams,* 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[6] Motion at 3 (citing *United States v. Brannon*, 4:15-cr-00080 (S.D. TX)).

[7] Order, ECF no. 286 in *United States v. Brannon*, 4:15-cr-00080 (S.D. TX), filed Apr. 2, 2020.

[8] Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF no. 285 in *United States v. Brannon*, 4:15-cr-00080 (S.D. TX), filed Apr. 2, 2020.

Because his Motion fails to demonstrate that he attempted or exhausted his administrative remedies, jurisdiction over his Motion is lacking.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[9] is DENIED without prejudice.

Signed May 8, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[9] Docket no. 111, filed May 5, 2020.