IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS LYNN DEYOUNG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:15-cr-00104-DN<br><br>District Judge David Nuffer |

Defendant Curtis Lynn DeYoung filed a pro se motion requesting reconsideration of the denial of his Motion for Compassionate Release.[1] Mr. DeYoung's Motion for Compassionate Release was denied without prejudice because he failed to demonstrate that he attempted to exhaust or exhausted his administrative remedies.[2] Mr. DeYoung Motion for Reconsideration demonstrates that he has now cured this defect.[3] However, Mr. DeYoung fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence. And jurisdiction is also lacking over Mr. DeYoung's request for home confinement. Therefore, Mr. DeYoung's Motion for Reconsideration[4] is DENIED.

---

[1] Motion for Reconsideration/Reopening of Petitioner's Request for Compassionate Release, Modification of Sentence or Order for Home Confinement ("Motion for Reconsideration"), docket no. 114, filed June 15, 2020; Emergency Request for a Compassionate Release, Modification of Sentence in Time Served or Order for Home Confinement ("Motion for Compassionate Release"), docket no. 111, filed May 5, 2020.

[2] Memorandum Decision and Order Denying Without Prejudice Motion for Compassionate Release, docket no. 113, filed May 8, 2020.

[3] Motion for Reconsideration at 1-2, ¶¶ 6-8 at 8, 10.

[4] Docket no. 114, filed June 15, 2020.

## DISCUSSION

### The merits of Mr. DeYoung's Motion for Compassionate Release may now be considered

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8]

Mr. DeYoung submitted a request for relief under the First Step Act to Acting Warden W. Holzapfel at the Federal Prison Camp in Florence, Colorado, on April 13, 2020.[9] And as of June 11, 2020, Mr. DeYoung had not received a response from Acting Warden Holzapfel.[10] Because over 30 days have passed since Mr. DeYoung made his request for relief to Acting Warden Holzpfel, it is now proper to consider the merits of Mr. DeYoung's Motion for Compassionate Release.[11]

---

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[6] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[7] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] Motion for Reconsideration at 1-2, ¶¶ 6-8 at 8, 10.

[10] *Id*.

[11] 18 U.S.C. § 3582(c)(1)(A).

**Mr. DeYoung fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence**

Mr. DeYoung argues that because his medical history places him in the high risk category of suffering serious complications if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release or a reduced sentence.[12] Mr. DeYoung is 64 years old; has served 45 months of his 120-month prison sentence; and suffers from gastroesophageal reflux disease with esophagitis and a diaphragmatic hernia.[13] He asserts that his medical conditions cause him constant abdominal pain, nausea, general malaise, fatigue, cramping, anorexia, persistent diarrhea, and to lose weight and frequently become sick with common cold viruses.[14] Mr. DeYoung also asserts that if granted relief, he will live with his ex-wife in Draper, Utah.[15]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission has defined the phrase "to include serious medical conditions and the age of the defendant."[16] Specifically, "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to

---

[12] Motion for Compassionate Release at 1.

[13] *Id.*

[14] *Id.* at 2.

[15] *Id.*

[16] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[17]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[18]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[19]

Mr. DeYoung fails to demonstrate that his medical condition constitutes an extraordinary and compelling reason to warrant relief. He does not assert that he is suffering from a terminal illness. Rather, he asserts that he suffers from gastroesophageal reflux disease with esophagitis and a diaphragmatic hernia, which cause him an assortment of digestive issues.[20] Mr. DeYoung provides no evidence or argument regarding his likelihood of recovery, or that he is unable to provide self-care. And Mr. DeYoung's prison medical records indicate that he is receiving medical attention and medication for his conditions.[21] These medical records do not support a finding that Mr. DeYoung is immune-compromised or that he is frequently sick with common cold viruses. On this record, Mr. DeYoung fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment;

---

[17] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[18] *Id.* at Commentary Application Notes 1(B).

[19] *Id.* at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id.* at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

[20] Motion for Compassionate Release at 1-2.

[21] Sealed BOP Medical Record in Response to [114] Motion for Reconsideration, docket no.117, filed June 23, 2020.

or deteriorating physical health that substantially diminish his ability to provide self-care within

a correctional facility.

Mr. DeYoung also fails to meet the age-based factors for extraordinary and compelling

reasons to warrant relief. He is 64 years old.[22] He has not demonstrated that his medical

conditions rise to the level of serious deterioration in physical health because of the aging

process. And he has not served at least 10 years or 75 percent of his prison term. He has served

45 months, which is less than half of his 120-month prison sentence.[23]

Additionally, the combination of Mr. DeYoung's medical condition and age, and the

current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant

relief. Mr. DeYoung asserts that his medical conditions and age put him in the high risk category

for serious complications if he contracts COVID-19.[24] He also asserts that the following

conditions of his confinement put him at risk of contracting COVID-19:

> He is unable to practice social distancing; he is currently in lockdown, confined to
> his housing unit 24 hours a day, seven days a week, only being allowed out to the
> dog relief area as needed and the dog play area for 15 minute periods twice a day;
> and his housing unit houses approximately 200 inmates, but was originally
> designed to house approximately 120 inmates.[25]

However, while Mr. DeYoung's age elevates his risk of complications if contracting

COVID-19, his medical conditions do not fall within any category identified by the CDC as

elevating his risk of having serious complications from COVID-19.[26] Additionally, Mr.

DeYoung has not shown that he is any more likely to contract COVID-19 in custody than if

---

[22] Motion for Compassionate Release at 1.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 2.

[26] Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness*,
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited
July 1, 2020).

released. The Bureau of Prisons has implemented stringent protocols in order to stop any spread

of COVID-19 to inmates and staff. These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-10 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[27]

Defendant is incarcerated at the Federal Prison Camp in Florence, Colorado, which has

no known inmate or staff cases of COVID-19.[28] On the other hand, Utah has seen a recent spike

in COVID-19 cases, with multiple days of record numbers of confirmed positive cases.[29] And

---

[27] https://www.bop.gov/coronavirus (last visited July 1, 2020).

[28] *Id*.

[29] https://coronavirus.utah.gov/case-counts (last visited July 1, 2020).

the area in which Defendant plans to reside if released—Draper, Utah—is located in the county with increased case rates and the state's highest number of confirmed cases, hospitalizations, and deaths.[30] On this record, Defendant fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. DeYoung compassionate release or a reduced sentence. Mr. DeYoung was convicted of one count of Mail Fraud, in violation of 18 U.S.C. § 1341, and one count of False Declaration Before a Court of the United States, in violation of 18 U.S.C. § 1623.[31] The offense conduct included Mr. DeYoung's misappropriation of nearly $25 million from the retirement accounts of approximately 5,500 customers.[32] The serious nature and circumstances of Mr. DeYoung's offense and number of victims, the appropriateness of his 120-month sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Mr. DeYoung.

Therefore, Mr. DeYoung has failed to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence.

**Jurisdiction is lacking over Mr. DeYoung's request for home confinement**

Mr. DeYoung alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[33] However, the authority to designate the place of an inmate's incarceration rests with the Bureau of Prisons, not the sentencing court.[34] "The Bureau of Prisons

---

[30] *Id.*

[31] Judgment in a Criminal Case ("Judgment") at 1, docket no. 108, filed Dec. 1, 2016.

[32] Presentence Investigation Report ¶¶ 8-13 at 4-5, docket no. 103, filed under seal Nov. 15, 2016.

[33] Motion for Compassionate Release at 1; Motion for Reconsideration at 3-6.

[34] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[35] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the Bureau of Prisons] is not reviewable by any court."[36] Therefore, jurisdiction is lacking over Mr. DeYoung's request for home confinement.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[37] is DENIED without prejudice.

Signed July 2, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[35] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[36] 18 U.S.C. § 3621(b).

[37] Docket no. 114, filed June 15, 2020.