## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS LYNN DEYOUNG,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER FINDING NO GOOD CAUSE OR EXCUSABLE NEGLECT FOR UNTIMELY APPEAL**<br><br>Case No. 2:15-cr-00104-DN<br><br>District Judge David Nuffer |

The Tenth Circuit Court of Appeals entered an order of limited remand "to determine whether [Defendant Curtis Lynn DeYoung] can establish good cause or excusable neglect for the untimely filing of his notice of appeal."[1] Mr. DeYoung was directed to file a brief addressing the remand issue.[2] He filed his Brief on April 26, 2021.[3]

Mr. DeYoung argues that good cause or excusable neglect for his untimely appeal because:

(i) his receipt of the Memorandum Decision and Order Denying Motion to Reconsider was delayed because its envelope was not properly labeled as legal mail by the District Court;[4]

(ii) the 14-day period for filing a notice of appeal was inadequate because the Bureau of Prisons' procedure for inspecting inmate mail, nationwide mail delays by the U.S. Postal Service, and understaffing at FCI Florence;[5] and

---

[1] Order, No. 20-4094, docket no. 129, filed Apr. 7, 2021.

[2] Order Directing Defendant to File Brief Regarding Good Cause or Excusable Neglect for Untimely Filing Notice of Appeal ("Order for Briefing on Limited Remand Issue"), docket no. 130, filed Apr. 8, 2021.

[3] Brief in Support of Appellant's Claim of Good Cause or Excusable Neglect ("Brief"), docket no. 132, filed Apr. 26, 2021 (mailed Apr. 23, 2021).

[4] *Id*. at 2.

[5] *Id*. at 3-4.

> (iii) his assigned duties as a dog handler and COVID-19 restrictions at FCI Florence affected his ability to timely file his appeal.[6]

Mr. DeYoung also argues that the government suffered no prejudice by his untimely appeal.[7]

Mr. DeYoung's arguments are not supported by evidence; are not credible; and even if accepted, do not establish good cause or excusable neglect for the untimely filing of his appeal.

## DISCUSSION

"Good cause may warrant an extension [of the deadline to file an appeal] when the defendant demonstrates an untimely filing resulted from a situation in which there is no fault—excusable or otherwise."[8] "This situation is usually occasioned by something that is not within the defendant's control."[9] "Excusable neglect may also warrant an extension [of the deadline to file an appeal]."[10] "In evaluating whether a defendant has shown excusable neglect, a district court should consider all relevant circumstances, including [1] the danger of prejudice to the government, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[11] "[T]he reason for the delay [i]s a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[12]

---

[6] *Id*. at 6.

[7] *Id*. at 4.

[8] *United States v. Munoz*, 664 Fed. App'x 713, 715 (10th Cir. 2016) (internal quotations omitted).

[9] *Id*. (internal quotations and punctuation omitted).

[10] *Id*.

[11] *Id*. (internal quotations omitted).

[12] *Id*. (internal quotations omitted).

The Memorandum Decision and Order Denying Motion to Reconsider, which is the subject of Mr. DeYoung's appeal, was entered on July 29, 2020.[13] Under FED. R. APP. P. 4(b)(1)(A)(i), Mr. DeYoung had 14 days from the order's entry to file his appeal. Therefore, his deadline to appeal was August 12, 2020. Mr. DeYoung did not file his Notice of Appeal until 27 days after the deadline on September 8, 2020.[14]

In arguing that good cause or excusable neglect exists for the untimely filing of his appeal, Mr. DeYoung attempts to assign fault for the delay to the District Court, the U.S. Postal Service, and the Bureau of Prisons.[15] Mr. DeYoung's arguments will be addressed in turn.

### The District Court did not cause delays that led to the untimely filing of Mr. DeYoung's appeal

Mr. DeYoung first argues that his receipt of the Memorandum Decision and Order Denying Motion to Reconsider was delayed because its envelope was not properly labeled as legal mail by the District Court.[16] Mr. DeYoung maintains that this caused the Memorandum Decision and Order Denying Motion to Reconsider to be treated as general correspondence at FCI Florence, becoming available to him at a semi-nightly general mail call and only after it was opened, inspected, and possibly read by Bureau of Prison's personnel.[17]

Mr. DeYoung has no direct evidence to support his argument. This is because he did not retain the envelope in which the Memorandum Decision and Order Denying Motion to Reconsider was mailed.[18] However, Mr. DeYoung did attach to his Brief another envelope

---

[13] Docket no. 122.

[14] Docket no. 123.

[15] Brief at 2-6.

[16] *Id.* at 2.

[17] *Id.*

[18] *Id.*

received from the District Court, which he believes supports his argument.[19] Mr. DeYoung is incorrect.

The front of the envelope attached to Mr. DeYoung's Brief contains a label in the upper left corner clearly identifying the sender as the District Court and its center is conspicuously stamped "LEGAL MAIL."[20] Therefore, the envelope attached to Mr. DeYoung's Brief undercuts his argument.

The only evidence supporting Mr. DeYoung's argument are his own self-serving assertions. These assertions are not credible in light of the District Court's practice of stamping all correspondence sent to correctional facilities as "LEGAL MAIL." Mr. DeYoung's assertions are also not credible in light of his lack of credibility within these proceedings. As an example, Mr. DeYoung's pretrial release was revoked upon findings that he:

- Failed to update his disclosure of assets under circumstances that give rise to probable cause to believe he obstructed justice;

- Violated the conditions of release by failing to attend mental health treatment, having contact with potential witnesses, and engaging in employment without seeking prior approval of the pretrial officer;

- Shared protected personal information of former clients without authorization to do so and in violation of a civil protective order; and

- Attempted to hide his identity and involvement with his employment in order to avoid detection of his involvement by authorities and investors.[21]

As a second example, Mr. DeYoung pleaded guilty in this case to counts of Mail Fraud and False Declaration before a Court of the United States.[22] His offense conduct included

---

[19] *Id.*; Exhibit C, docket no. 132-4, filed Apr. 26, 2021.

[20] Exhibit C.

[21] Detention Order, docket no. 85, filed Aug. 29, 2016.

[22] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 95, filed Sept. 12, 2016; Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to FED. R. CRIM. P. 11(c)(1)(C) ("Statement in Advance of Plea") ¶ 1 at 1-2, docket no. 96, filed Sept. 12, 2016.

devising a scheme and artifice to defraud in which he misappropriated nearly $25,000,000 from investors and delivered materially false account statements for the purpose of carrying out the scheme.[23] He also knowingly made a false declaration regarding his assets while concealing currency and personal valuables in an area above a suspended ceiling in a business in West Jordan, Utah.[24]

And as a third example, the government has filed a notice indicating that it appears Mr. DeYoung filed a forged document as part of his briefing on a compassionate release motion.[25] The document was attached as Exhibit B to Mr. DeYoung's reply brief.[26] It purports to be a victim notification letter from the Warden at FCI Florence stating that Mr. DeYoung will be transferred to home confinement in June 2020.[27] The government's notice identifies several discrepancies and errors in the document that are suggestive of a forgery:

- The letter is inconsistent with information from the Bureau of Prisons that Mr. DeYoung's request for home confinement was denied;

- The letter is signed by Blake R. Davis, who has not been the Warden at FCI Florence since 2012, and the true signature of Warden Davis significantly differs from the signature affixed to the letter;

- The letter contains inaccurate information regarding Mr. DeYoung having a release date in 2020, and is the type of victim notification letter that would be signed by the inmate's Unit Manager, not the Warden; and

- The letter contains obvious errors and typos, including: the letter is undated, Federal Bureau of Prisons is misspelled ("Buraeu"), and courtesy is misspelled ("curtesy").[28]

---

[23] Statement in Advance of Plea ¶ 11 at 3-5.

[24] Id. ¶ 11.

[25] Notice of False Document Submitted to the Court, docket no. 128, filed Feb. 1, 2021.

[26] Petitioner's Reply to the Government's Opposition to his Motion for Compassionate Release ("Notice"), docket no. 120, filed July 23, 2020; Exhibit B, docket no. 120-3, filed July 23, 2020.

[27] Exhibit B.

[28] Id.; Notice at 1-2.

Based on the lack of supporting evidence and serious questions regarding Mr. DeYoung's credibility, Mr. DeYoung's argument that the District Court caused delays that led to the untimely filing of his appeal lacks merit.

### The 14-day period for filing a notice of appeal was not inadequate under the circumstances

Mr. DeYoung next argues that the 14-day period for filing a notice of appeal was inadequate under the circumstances.[29] He asserts that he did not receive the Memorandum Decision and Order Denying Motion to Reconsider until sometime during the week of August 10, 2020, approximately 12 to 16 days after its entry.[30] And he attributes the delay to the Bureau of Prisons' procedure for inspecting general correspondent to inmates, nationwide mail delays by the U.S. Postal Service, and understaffing at FCI Florence.[31] This argument suffers from the same infirmities as Mr. DeYoung's prior argument.

Mr. DeYoung's argument is supported only by his self-serving assertions and speculation. And Mr. DeYoung is not credible.[32] There is no evidence that the Memorandum Decision and Order Denying Motion to Reconsider was not received by Mr. DeYoung until the week of August 10, 2020. There is no evidence that the mailing went through the Bureau of Prisons' procedures for general correspondence to inmates, rather than procedures for legal mail. There is no evidence that delivery of the mailing to FCI Florence was delayed by the U.S. Postal Service. And there is no evidence that FCI Florence has understaffing issues, or that such issues led to delayed receipt of the mailing.

---

[29] Brief at 3-4.

[30] *Id*. at 3.

[31] *Id*. at 3-4.

[32] *Supra* at 4-5.

The most important piece of evidence that Mr. DeYoung could have submitted to support his argument is the envelope that contained the Memorandum Decision and Order Denying Motion to Reconsider. It would have contained a stamping of "LEGAL MAIL" from the District Court, or it would have lacked that stamp; the U.S. Postal Service's stamping dates; the receipt stamping date from FCI Florence; and any other markings showing that the mailing was inspected by Bureau of Prisons personally upon its receipt at FCI Florence. But for an unexplained reason, Mr. DeYoung did not retain the envelope.[33] This lack of retention appears to be contrary to Mr. DeYoung's practice, since three of the exhibits attached to his Brief are envelopes that Mr. DeYoung received from the District Court and Tenth Circuit Court of Appeals.[34] Regardless, Mr. DeYoung had control of the evidence to support his argument but failed to retain it. And Mr. DeYoung's credibility is not such that his unsupported statements may stand in the place of direct evidence.

The recent docket for this case is also telling with respect to the length of time that it would take Mr. DeYoung to receive and respond to correspondence from the District Court. The order directing Mr. DeYoung to file a brief addressing the limited remand issue was entered on April 8, 2021.[35] This order was presumably mailed to Mr. DeYoung in the same manner as the Memorandum Decision and Order Denying Motion to Reconsider, using the District Court's practice of stamping all correspondence sent to correctional facilities as "LEGAL MAIL." Mr. DeYoung mailed his Brief responding to the order 15 days later on April 23, 2021.[36] The Brief

---

[33] *Id*. at 2.

[34] Exhibit B-1, docket no. 132-2, filed Apr. 26, 2021; Exhibit B-2, docket no. 132-3, filed Apr. 26, 2021; Exhibit C.

[35] Order for Briefing on Limited Remand Issue.

[36] Brief at 7.

consists of six[37] pages of argument and includes legal citations and four attachments. Mr. DeYoung's Brief undoubtedly took him longer to prepare than his one-page Notice of Appeal, which consists of a single sentence and has no legal citations or attachments.

On this record, Mr. DeYoung has failed to demonstrate that the 14-day period for filing a notice of appeal was inadequate under the circumstances.

### Mr. DeYoung's duties as a dog handler and COVID-19 restrictions at FCI Florence do not establish good cause or excusable neglect for his untimely appeal

Mr. DeYoung also argues that his assigned duties as a dog handler and COVID-19 restrictions at FCI Florence affected his ability to timely file his appeal.[38] He asserts that he is solely responsible for the care, training, and feeding of a future service dog, which restricted the time available for research regarding the appeal.[39] He further asserts that COVID-19 restrictions at FCI Florence have made the law library available only every other weekday from approximately 7:00 a.m. through 10:15 a.m. and 11:30 a.m. though 3:00 p.m.[40]

However, Mr. DeYoung provides nothing more than his own assertions to support his argument. He offers no discussion of the delays caused by his duties as a dog handler or the law library's restricted hours. And he offers no specifics regarding how these issues actually affected his ability to timely file his appeal. Therefore, Mr. DeYoung has failed to demonstrate his duties as a dog handler and COVID-19 restrictions at FCI Florence had any effect on his ability to timely file his appeal.

---

[37] Pages 5 of Mr. DeYoung's Brief is a duplicate of page 4.

[38] *Id*. at 6.

[39] *Id*.

[40] *Id*.

**Under the circumstances, a lack of prejudice to the government does not support
a finding of good cause or excusable neglect for Mr. DeYoung's untimely appeal**

Finally, Mr. DeYoung argues that good cause or excusable neglect exists for his untimely appeal because the government will not suffer prejudice.[41] Mr. DeYoung asserts that because the government has already filed its response to the appeal and he has chosen not to file a reply, the appeal is ready for determination by the Tenth Circuit Court of Appeals.[42] While Mr. DeYoung is correct that any prejudice to the government is likely not substantial, prejudice is only one factor to consider when determining whether good cause or excusable neglect exists for an untimely appeal.[43]

Mr. DeYoung's reason for filing the appeal untimely is the "most important single factor."[44] And Mr. DeYoung has failed to provide a sufficient justification for the untimely filing of his appeal. He has offered only unsupported reasons for delays that are speculative and lack credibility. The delay in the filing of Mr. DeYoung's appeal appears to have been entirely within his control. But even if Mr. DeYoung sufficiently established the delays he asserts, such delays do not explain why his appeal was not filed until 27 days after the August 12, 2020 deadline.

Assuming Mr. DeYoung received the Memorandum Decision and Order Denying Motion to Reconsider in the week of August 10, 2020, as he asserts,[45] Mr. DeYoung has offered no explanation for why the appeal could not have been filed within 14 days of this receipt, or why it took an additional 22 to 27 days to file his single sentence Notice of Appeal. This delay is nearly twice the 14-day timeframe in which an appeal must be filed. The delay is substantial in context

---

[41] *Id*. at 4.

[42] *Id*.

[43] *Munoz*, 664 Fed. App'x at 715.

[44] *Id*.

[45] Brief at 3.

and has impacted the judicial proceedings by requiring the limited remand. And where no justification for this delay exists, good faith on the part of Mr. DeYoung is lacking.

Considering all of the circumstances (including prejudice to the government, the length of delay and its impact on the proceedings, the reason for the delay, and good faith), Mr. DeYoung has failed to establish good cause or excusable neglect for the untimely filing of his appeal.

## ORDER

IT IS HEREBY ORDERED that Mr. DeYoung has failed to establish good cause or excusable neglect for the untimely filing of his Notice of Appeal.

Signed May 17, 2021.

BY THE COURT

David Nuffer
United States District Judge

10